[787 NYS2d 895]

In the Matter of PHILIP E. SICKS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 24, 2005

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Richard N. Maltz*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

On July 13, 2004, the respondent pleaded guilty in the Supreme Court, Kings County, to grand larceny in the fourth degree, in violation of Penal Law § 155.30, a class E felony.

Pursuant to Judiciary Law § 90 (4), any person convicted of an offense classified as a felony under the laws of this state shall, upon such conviction, cease to be an attorney and counselor-at-law or to be competent to practice law. Striking an attorney's name from the roll of attorneys after a felony conviction is merely a formal recording of the existing fact of disbarment.

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law upon his felony conviction is granted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's prior request for authorization to institute and prosecute a disciplinary proceeding against the respondent is withdrawn.

PRUDENTI, P.J., FLORIO, RITTER, SANTUCCI and SMITH, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Philip E. Sicks, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Philip E. Sicks, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Philip E. Sicks is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Philip E. Sicks, has been issued a secure pass by the Office of Court Administration, it

shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).